1  LUCIA E. COYOCA (SBN 128314)
   lec@msk.com
2  MARC E. MAYER (SBN 190969)
   mem@msk.com
3  ALEXA L. LEWIS (SBN 235867)
   all@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Defendant/Counterclaimant
   Capitol Films U.S., LLC
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, a Texas Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPITOL FILMS U.S., LLC, a Delaware Limited Liability Company<br><br>        Defendant. | CASE NO. CV 07-07206 AHM (AGRx)<br><br>The Honorable Alicia G. Rosenberg<br><br>**PROTECTIVE ORDER RE: CONFIDENTIAL MEDICAL INFORMATION**<br><br>Discovery Cutoff: October 27, 2008<br>Pre-Trial Conf.: January 26, 2009<br>Trial Date: February 10, 2009 |
| CAPITOL FILMS U.S., LLC,<br><br>        Counterclaimant,<br><br>    v.<br><br>U.S. SPECIALTY INSURANCE COMPANY; DOES 1 THROUGH 10,<br><br>        Counterclaim Defendants. | |

Mitchell
Silberberg &
Knupp LLP

1891102.2

PROTECTIVE ORDER

This Court finds that good cause exists for a Protective Order in connection with certain confidential medical information.

Therefore, IT IS ORDERED as follows:

**1.     DEFINITIONS**

1.1     As used herein, the term "Confidential Medical Information" shall mean:  (a) any type of documents, records, or information as to the medical condition or status of the individual, Samuel L. Jackson ("Jackson") that concerns or relates to Jackson's back condition and the back surgery that he had in May 2007, that has not been made generally available to the public and the disclosure of which Jackson contends is protected from disclosure by his right of privacy under the California Constitution for the State of California or any other federal or state law, statute, regulation, or rule that protects an individual's right of privacy as to his or her confidential information concerning his or her medical condition or status.

1.2     As used herein, the terms "document," "documents," "tangible things," "recordings," and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

**2.     DESIGNATION OF CONFIDENTIAL INFORMATION**

2.1     This PROTECTIVE ORDER applies to all discovery responses, documents, testimony, and other information or materials containing Confidential Medical Information disclosed in this action that are designated by a party or third party as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as defined below, whether such disclosure is by order of the Court or by response to questions

1  in a deposition, written interrogatories, requests for the production of documents and
2  other tangible things, requests for admission, Rule 45 subpoenas to third parties, or
3  any other discovery undertaken in this action.

4        2.2    Any party or third party responding to discovery in this action shall
5  have the right to designate any document, testimony, or other information or
6  material containing Confidential Medical Information as "Highly Confidential –
7  Attorneys' Eyes Only."  "Highly Confidential – Attorneys' Eyes Only" information
8  is information that the designating party reasonably believes (1) constitutes
9  information in which Jackson has a privacy interest, or (2) is subject to protection
10 from disclosure, or limitation upon disclosure, under applicable law and (3) which
11 reasonably requires for its protection to be treated as "Highly Confidential –
12 Attorneys' Eyes Only."

13       2.3    Such designation shall be accomplished by placing the notation
14 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on every page of
15 each document or portion thereof so designated.  In the case of Confidential Medical
16 Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer
17 disks, etc.), the appropriate notation shall be affixed to the outside of the medium or
18 its container so as to clearly give notice of the designation.  Such designation is
19 deemed to apply to the document itself and to the Confidential Medical Information
20 contained therein.

21       2.4    Confidential Medical Information so designated shall be used only for
22 the purposes of this litigation only, and may not be used by any party to whom or
23 which that information is produced or disclosed for other litigation, or for
24 marketing, publicity, or competitive purposes, or for any other purpose.
25 Confidential Medical Information so designated shall not be disclosed to anyone
26 other than those persons identified in Paragraph 4.3, *infra*, except as may be ordered
27 by the Court or agreed to in writing by the parties.  If any information designated by
28 a party or third party as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

1   ONLY is thereafter used by a party to whom or which it has been produced or
2   disclosed as part of a paper filed or lodged with the Court in this action or in a
3   response to a discovery request in this action, the party using that information shall
4   take all reasonable steps to preserve the continued confidentiality of that designated
5   Confidential Medical Information.  This includes maintaining the designation of
6   confidentiality in all places where that information is so used and requesting that
7   such information is filed or lodged with the Court under seal in accordance with the
8   procedures of C.D. Cal. Local Rule 79-5.1.
9          2.5     The parties and any third parties responding to discovery in this action
10  shall use reasonable care to avoid designating any materials as HIGHLY
11  CONFIDENTIAL – ATTORNEYS' EYES ONLY that are:  (a) not entitled to such
12  designation, or (b) generally available to the public.

Mitchell
Silberberg &
Knupp LLP

1891102.2

4

PROTECTIVE ORDER

**3. DEPOSITIONS**

3.1 With respect to the examination of witnesses upon oral deposition, when designated Confidential Medical Information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on designated Confidential Medical Information, the deposition reporter and/or videotape operator shall be informed of this PROTECTIVE ORDER by the party or third party seeking to invoke its protection, and will be required to agree to be bound by its terms. The reporter and/or videotape operator then shall place on the cover of any deposition transcript or videotape that contains any designated Confidential Medical Information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER." Counsel for the parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from being disclosed to any person, except as provided in this PROTECTIVE ORDER.

3.2 Testimony at a deposition may be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if this PROTECTIVE ORDER is invoked at the deposition by counsel for a party or third party or the deponent. The designating party or third party also may, within thirty (30) days after receiving a copy of the deposition transcript, provide all parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the party or third party designates as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If a deponent has disclosed something at a deposition that a party or third party believes constitutes Confidential Medical Information and should be designated as such, the party or third party so believing can go back during the deposition and designate that information as may be appropriate.

3.3 Each deponent to whom any party or third party proposes to disclose designated Confidential Medical Information at a deposition, trial, or other

proceeding shall be given a copy of this PROTECTIVE ORDER and informed of its contents and the parties shall take all reasonable steps to have such witnesses abide by the same.

    3.4    If designated Confidential Medical Information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such Confidential Medical Information during that portion of the deposition in which the Confidential Medical Information is actually discussed or disclosed.  If designated Confidential Medical Information is to be discussed or disclosed at a hearing or at trial, the parties may request that the Court exclude from the courtroom any person who is not entitled to receive such Confidential Medical Information during that portion of the hearing or trial in which the Confidential Medical Information is actually discussed or disclosed, as provided in paragraphs 8.5-8.6.

**4.** **DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION**

    4.1    The parties, counsel for the parties, and all persons who view designated Confidential Medical Information shall maintain all information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this PROTECTIVE ORDER.

    4.2    While the disclosure of Confidential Medical Information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to persons not authorized by this PROTECTIVE ORDER could, by definition, be prejudicial to the business, operations, or interests of the designating party or third party, the designations should not be overused.

    4.3    Access to Confidential Medical Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be limited to the following persons:

       4.3.1      In-Attorneys of record in this proceeding, their partners and associates, and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees and contractors.

       4.3.2      Bona fide experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties for purposes of this litigation.

       4.3.3      Pursuant to Paragraphs 3.1 through 3.4, *supra*, deponents at their depositions.  Counsel should have a good faith belief that such disclosure is necessary before disclosing designated Confidential Medical Information to the deponent.

       4.3.4      Court reporter(s) employed in this litigation.

       4.3.5      The Court and its staff, mediators used in settlement proceedings in this action and their staff, and members of a jury impaneled for a trial in this action.

       4.3.6      In-house counsel for the parties and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees

    4.4    Nothing herein shall prohibit a party, or his or its counsel, from disclosing a document that contains Confidential Medical Information to the person whom the document identifies as an author, addressee, or recipient of such document.

## 5. CHALLENGING A DESIGNATION

    5.1    A party which disputes the propriety of a designation shall challenge such designation within a reasonable time after the materials are so designated.  In the event that a party challenges such designation, the party shall provide written notice to the designating party of its disagreement with the designation.  The parties shall first attempt to resolve the dispute in good faith and shall employ the procedures of Local Rules 37-1 through 37-4 to resolve that dispute.  If the dispute

PROTECTIVE ORDER    7

Mitchell Silberberg & Knupp LLP
1891102.2

1 cannot be resolved, the receiving party may apply to the Court for a ruling
2 concerning the status of such material, and, pending such application and ruling, the
3 receiving party shall treat such material as Confidential Medical Information under
4 this PROTECTIVE ORDER. Upon any hearing, the burden of proving that material
5 has been properly designated is on the party making such designation.

6     5.2    For documents that any party might wish to file with the Court under
7 seal, that party shall employ the procedures of Local Rule 79-5.1 and comply with
8 the requirements of Section 9, *infra*.

9     5.3    No party shall be obliged to challenge the propriety of a designation,
10 and a failure to do so shall not preclude a subsequent attack on the propriety of any
11 other designation.

12     **6.**    **INADVERTENT FAILURE TO DESIGNATE**

13     6.1    The inadvertent failure to designate Confidential Medical Information
14 as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to or at the
15 time of disclosure shall not operate as a waiver of a party's or third party's right to
16 designate such information within thirty (30) days after such disclosure or, if the
17 information is provided by a third party, within thirty (30) days after notice of such
18 disclosure.

19     6.2    In the event that Confidential Medical Information is designated as
20 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY after disclosure but
21 within the thirty (30) day period allowed under Paragraph 6.1, *supra*, the receiving
22 party shall employ reasonable efforts to ensure that all previously disclosed
23 Confidential Medical Information is subsequently treated as HIGHLY
24 CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate, pursuant to the
25 terms of this PROTECTIVE ORDER.

26     6.3    Should any document or information designated as HIGHLY
27 CONFIDENTIAL – ATTORNEYS' EYES ONLY be disclosed, through
28 inadvertence or otherwise, to any person or party not authorized to see such

Mitchell Silberberg & Knupp LLP
1891102.2

8
PROTECTIVE ORDER

1 materials under this PROTECTIVE ORDER, then the disclosing party or third party
2 shall use its best efforts to bind such person to the terms of this PROTECTIVE
3 ORDER, and the disclosing party shall: (a) promptly inform such person of all the
4 provisions of this PROTECTIVE ORDER, and (b) identify the name, address,
5 telephone number, employer, and title or position of such person immediately to the
6 party or third party that or who designated the document.

### 7. CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL MEDICAL INFORMATION

7.1 Confidential Medical Information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in the custody of counsel for the parties, except for information in the custody of: (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this PROTECTIVE ORDER, to the extent necessary for their study, analysis, and preparation of the case. Except for the Court, a person with custody of information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall maintain it in a manner that limits access to it to only those persons entitled under this PROTECTIVE ORDER to examine it. Counsel may furnish information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in written format to persons authorized under this PROTECTIVE ORDER to receive it.

7.2 Unless counsel agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final, non-appealable decision of the Court, the parties, counsel for the parties, and all other persons who are in possession of documents designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY agree that they will destroy or return to the producing party or third party all copies of any documents, other than attorney work product, containing designated Confidential Information produced by a party or third party.

7.3     Notwithstanding the foregoing, counsel of record and each party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.  Nothing in this paragraph shall be construed to require any party to return or destroy work product or attorney client privileged communications, whether from or to outside or in-house counsel.  Such file copies must be maintained under the conditions of maintaining confidentiality as set forth in Paragraph 7.1, *supra*.

## 8.     MISCELLANEOUS PROVISIONS

8.1     Except as otherwise set forth in Paragraphs 8.5-8.6 regarding the introduction and use of Confidential Medical Information at trial and by the Court, and as may be required by law or legal process, the obligations of confidentiality and nondisclosure shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention Confidential Medical Information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action.  These obligations of confidentiality and nondisclosure shall bind the parties through all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, and shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the parties to this action stipulate that designated Confidential Information can be disclosed.

8.2     By entering into this PROTECTIVE ORDER, no party or third party waives any objections it might have to the production of documents or information covered by this PROTECTIVE ORDER.

8.3     The Court retains jurisdiction even after termination of this action to enforce this PROTECTIVE ORDER and to make such deletions from or amendments, modifications, and additions to the PROTECTIVE ORDER the Court may from time to time deem appropriate.  The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order

modifying this PROTECTIVE ORDER or seeking further protection against disclosure or use of claimed Confidential Information.

8.4     Nothing contained herein shall restrict any party from introducing designated Confidential Medical Information as evidence at trial.  A party may seek a protective order prior to trial with respect to testimony containing designated Confidential Medical Information that may be offered at trial or specific documents containing designated Confidential Medical Information that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

8.5     In general, court orders are available to the public.  To the extent that a party refers to or relies upon material that is filed under seal in its pleadings, the pleadings must request that specific information be kept confidential.  Absent the granting of such advance request, the Court may incorporate all evidence in its written and oral rulings.

8.6     In the event the case proceeds to trial, all information that was subject to the provisions of a protective order and that is used at trial will become public absent a separate court order upon motion and sufficient cause shown.

**9.     FILING OR LODGING UNDER SEAL**

9.1     If any party or third party seeks to file or lodge with the Court any documents or things that contain designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY , such materials shall be submitted to the Court in accordance with the procedures set forth in C.D. Cal. Local Rule 79-5.1 for filing documents under seal.  Where one party or third party wishes to file or lodge any documents or things with the Court under seal, the other party or parties shall not unreasonably withhold agreement to such filing or lodging under seal.  If such agreement is provided, the parties shall submit to the Court a stipulation and proposed order for such filing or lodging under seal.  If no such agreement is

1 provided, then the filing or lodging party or third party shall submit an application
2 and proposed order to the Court pursuant to C.D. Cal. Local Rule 79-5.1.

3     9.2    The person filing Confidential Medical Information under C.D. Cal.
4 Local Rule 79-5.1 shall designate to the Clerk that all or a designated portion thereof
5 is subject to this PROTECTIVE ORDER and is requested to be kept under seal,
6 except that upon the default of the filing party to so designate, any party may do so.

7 **10.    GOOD CAUSE STATEMENT**

8     Pursuant to Fed. R. Civ. P. 26(c)(7), good cause exists for entry of this
9 PROTECTIVE ORDER because the parties to this action: (1) have sought and
10 expect to seek in the future the discovery of certain information in this action that is
11 sensitive, private, and confidential, or that third parties required to be involved in
12 discovery in this action might contend is sensitive, private, and confidential,
13 including Confidential Information protected by rights of privacy, such as
14 specifically, Samuel L. Jackson's personal medical information; (2) believe that
15 unrestricted disclosure or dissemination of such Confidential Information may cause
16 some business, commercial, and privacy injury; (3) desire an efficient and
17 practicable means to designate such information as HIGHLY CONFIDENTIAL –
18 ATTORNEYS' EYES ONLY and thereby help ensure its continued protection
19 against unwarranted disclosure or dissemination; and (4) have agreed to such means
20 as set forth herein.

21
22 SO ORDERED this 2nd day of October, 2008.
23
24
25
26     Honorable Alicia G. Rosenberg
    United States Magistrate Judge
27
28

Mitchell Silberberg & Knupp LLP
1891102.2

12
PROTECTIVE ORDER