LEON J. GLADSTONE (SBN 70967)
lgladstone@bergerkahn.com
MICHAEL J. AIKEN (SBN 98786)
maiken@bergerkahn.com
BERGER KAHN, A Law Corporation
Mail Service:
  Post Office Box 92621
  Los Angeles, CA  90009-9998
Location:
  4551 Glencoe Avenue, Suite 300
  Marina del Rey, CA  90292-7925
Tel:  (310) 821-9000 • Fax: (310) 775-8775

Attorneys for Plaintiff/Counterclaim Defendant
U.S. SPECIALTY INSURANCE COMPANY


LUCIA E. COYOCA (SBN 128314)
lec@msk.com
MARC E. MAYER (SBN 190969)
mem@msk.com
ALEXA L. LEWIS (SBN 235867)
all@msk.com
MITCHELL SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angels, California 90064-1683
Tel: (310) 312-2000 • Fax: (310) 312-3100

Attorneys for Defendant/Counterclaimant
Capitol Films U.S., LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>CAPITOL FILMS U.S., LLC,<br><br>              Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV 07-07206 AHM (AGRx)<br><br>Assigned to the Hon. A. Howard Matz<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Discovery Complete:    10/27/08<br>Pre-Trial Conference:  01/26/09<br>Trial Date:                  02/10/09 |

1

This Court finds that good cause exists for a Protective Order on the terms and conditions stipulated by Plaintiff and Counter-defendant U.S. Specialty Insurance Company ("U.S. Specialty") and Defendant and Counter-claimant Capitol Films U.S., LLC ("Capitol") (collectively, "the parties").

Therefore, IT IS ORDERED as follows:

### 1. Application of Protective Order

**1.1** This Protective Order shall govern any document, information or other material that is designated as constituting or containing "Confidential Information" as defined herein, and is hereafter produced in this litigation by any person or entity (the "producing party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving party"), regardless of whether the person or entity producing or receiving the "Confidential Information" is a party to this litigation.

**1.2** As to sealing documents prior to filing with the Court, the intent of this Protective Order is to meet the requirements of Local Rule 79-5.1.

**1.3** This Protective Order does not supersede the terms of any Protective Order entered specifically with respect to the disclosure of confidential information and documents that are protected by rights of privacy as to Samuel L. Jackson's personal medical information.

### 2. Definitions

**2.1 Confidential Information.** "Confidential Information" shall mean and include any type of information that has not been made generally available to the public and the disclosure of which the disclosing party or third party contends would cause serious harm to the disclosing party's or third party's privacy rights, business operations or interests, including, but not limited to, personal, competitive, or proprietary information, trade secrets, non-public commercial, financial, pricing, budgeting and/or accounting information, non-public information about existing and potential customers, marketing studies or

strategies, performance and projections, non-public business strategies, decisions and/or negotiations, and confidential proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have or had business relationships.

For purposes of this Protective Order, "trade secrets" shall be used as it is defined by California Civil Code §3426.1, which provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

**2.2   Documents.** As used herein, the term "documents" includes but is not limited to all writings, records, files, drawings, graphs, charts, photographs, e-mails, videotapes, audiotapes, compact discs, electronic messages, other data compilations from which information can be obtained, and other tangible things as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

**3.   Initial Physical Designation.**

**3.1   Produced Documents.** From and after the date of this Protective Order, a party producing documents that it believes in good faith constitute or contain Confidential Information shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

> **CONFIDENTIAL**
> **Subject to Protective Order in**
> **CVO7-07206**

3

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  Claims of confidentiality shall be made only with respect to documents that the asserting party has a good faith belief are legally entitled to protection from discovery and disclosure under Federal Rules of Civil Procedure 26(c) and 34, and applicable case law.  No document shall be designated as Confidential Information, or shall become Confidential Information, merely because it has been so designated, when it has been previously:  (a) disclosed by public authorities or others, (b) available to the public from sources other than the producing party, or (c) previously furnished or disclosed by the producing party at any time without a protective order.

**3.2   Interrogatory Answers.**  If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.1.  The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

**3.3   Inspections of Documents.**  In the event a party elects to produce files and records for inspection, and the requesting party elects to inspect them, no physical designation of Confidential Information need be made in advance of or at the time of the inspection, but for purposes of such inspection, all materials inspected shall be considered Confidential Information.  If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information in accordance with subparagraph 3.1 at the time the copies are produced.

**3.4   Deposition Transcripts.**  A deposition transcript in its entirety is to be considered Confidential Information for twenty-one (21) court days after receipt or entry of this order, whichever is later.  Within that time period, one

4

1  party may inform the other party of the portions of the transcript that it wishes to
2  designate as Confidential Information.  If no designation is made within that time
3  period, the deposition transcript shall not be considered Confidential Information.
4  Notwithstanding the foregoing, those portions of the deposition transcript of
5  Stephen Leedecke that contain testimony that was provided subject to an agreed
6  protective order reached at the deposition shall be designated Confidential
7  Information without any further notice as otherwise required hereunder.  All
8  parties in possession of a copy of a designated deposition transcript shall
9  appropriately mark it as containing Confidential Information.
10       **4.**     **Objections to Designations.**  Any party objecting to an initial
11  designation of Confidential Information, including objections to portions of
12  designations of multi-page documents, shall provide written notice of its objection
13  by fax and U.S. Mail to the designating party.  Any objection shall be made in
14  good faith.  The objecting and the designating party shall promptly confer in an
15  attempt to resolve their differences. If the designating and objecting parties are
16  unable to resolve their differences, the designating party shall have five (5) court
17  days from the receipt of the objection to provide to the objecting party the joint
18  stipulation required by Local Rule 37-2.2 in preparation for filing a motion for
19  protective order.  All documents initially designated as Confidential Information
20  shall continue to be subject to this Protective Order unless and until the Court
21  rules otherwise.  If a designating party elects not to make a motion for a protective
22  order with respect to documents to which an objection has been made, it shall be
23  deemed to have withdrawn its designation, and it shall produce copies of such
24  documents without the Confidential Information designation, if so requested.
25       **5.**     **Custody.**  During the pendency of this litigation and for ninety (90)
26  days after the final disposition of this litigation, all Confidential Information and
27  any and all copies, extracts and summaries thereof, including memoranda relating
28  thereto, shall be retained by the receiving party in the custody of counsel of

record, or by persons to whom disclosure is authorized under subparagraph 6.1, or by the Judge and Jury. Paragraph 8 addresses in more detail handling of Confidential Information after the conclusion of this litigation.

**6.     Handling Prior to Trial.**

**6.1     Authorized Disclosures.**  The parties, counsel for the parties, and all persons who view designated Confidential Information shall maintain all such information in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this Protective Order. Confidential Information shall be disclosed by the receiving party only to the following persons, either after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order and agrees to be bound by it, or after having provided to such person written notice and instructions regarding the existence and terms of this Protective Order and receiving such person's agreement to be bound by it:

    a.     Counsel for the parties in this litigation, including their associates, clerks, paralegals and secretarial personnel;

    b.     Qualified persons taking testimony in this litigation involving Confidential Information and necessary stenographic, videotape and clerical personnel;

    c.     Experts, consultants, and their staff who are consulted by counsel for a party in this litigation;

    d.     Parties to this litigation, limited to the named party and if that party is a corporate entity a limited number of designated representatives of the corporate entity and its insurers;

    e.     Designated in-house counsel and a limited number of assistants, administrative or otherwise;

      f.      Outside vendors employed by counsel for copying, scanning and general handling of documents, and persons or entities that provide litigation support services; and

      g.      The Court and Court's Staff to whom materials are submitted as evidence or in connection with a motion or opposition thereto subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Nothing herein shall prohibit a party, or his or its counsel, from disclosing a document that contains Confidential Information to the person whom the document identifies as an author, addressee, or recipient of such document.

**6.2** **Inadvertent Failure to Designate**. The inadvertent failure to designate Confidential Information prior to or at the time of disclosure shall not operate as a waiver of a party's or third party's right to designate such information. In the event that Confidential Information is designated after disclosure, the receiving party shall employ reasonable efforts to ensure that all previously disclosed Confidential Information is subsequently treated as such pursuant to the terms of this Protective Order.

**6.3** **Unauthorized Disclosures.** If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

7

   **6.4 Court Filings**.  In the event any Confidential Information must be filed with the Court prior to the trial, the proposed filing shall comply with Central District Local Rule 79-5.1 regarding filing under seal.  In accordance with Local Rule 79-5.1, the proposed filing shall be accompanied by an application to file the Confidential Information under seal and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed.  This provision is applicable to briefs, declarations, memoranda, and any other filings of any kind that quote, summarize, or describe Confidential Information.

  **7. Handling During Trial.**  Confidential Information that is subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as may be imposed by the trial court upon motion by the designating party in advance of trial based upon a showing of sufficient cause.

  **8. Handling After Disposition.**  Within ninety (90) days of the final disposition of this litigation, the designating party may request that any or all Confidential Information be returned to the designating party.  After receiving a request to return, the receiving party at its option may shred Confidential Information instead of returning it to the designating party, but must so notify the designating party in writing how, when, and by whom the shredding was accomplished.  The request for return shall specifically identify the documents or things to be returned, if return of less than all Confidential Information is requested.  The attorney for the receiving party shall collect, assemble and return within thirty (30) days all such Confidential Information, including all copies and extracts thereof in the possession of the receiving party, its counsel or other authorized recipients, excepting only copies, extracts or summaries that contain or constitute attorney work product.  If requested by the designating party within ninety (90) calendar days of the final disposition of the litigation, all copies and extracts that contain or constitute attorney work product shall be destroyed, and

the attorney for the receiving party shall certify in writing that all such copies and extracts have been destroyed.  Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgment is requested.

**9.     No Implied Waivers.**  The entry of this order shall not be interpreted as a waiver of the right to object, pursuant to the Federal Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities.  Neither the agreement to, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

**10.    Modification.**  In the event any party hereto seeks a Court order to modify the terms of this Protective Order, said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

**11.    Care in Storage.**  Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of it is maintained.

**12.    No Admission.**  Neither this Protective Order nor the designation of any item as "Confidential Information" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

**13.    Inadvertent Production.**  Nothing in this Protective Order abridges applicable law concerning inadvertent production of a document that the producing party believes contains attorney-client communications, attorney work product, or otherwise privileged information.

**14. Parties' Own Documents.** This Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

**15. No Effect on Other Rights.** This Protective Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

SO ORDERED this 7th day of October, 2008.

*Alicia G. Rosenberg*
_____
U.S. DISTRICT COURT MAGISTRATE